EARL ALEXANDER, APPELLANT, v. JOSEPH O'GRADY, WARDEN, APPELLEE.

290 N. W. 718

FILED MARCH 8, 1940. No. 30743.

646

*Earl Alexander, pro se.*

*Walter R. Johnson, Attorney General,* and *George W. Ayres, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is an appeal by Earl Alexander from the denial of a writ of habeas corpus by the district court for Lancaster county, Nebraska; that court having determined that his petition for the same "fails to state a cause of action in favor of relator." A certified copy of the judgment and sentence imposed upon appellant by the district court for Thurston county, Nebraska, is attached to the relator's application and forms a part thereof. Omitting the formal parts, the substance thereof is as follows, viz.:

"Now, on this 29th day of May, A. D. 1936, this cause came on for hearing upon the information filed herein by the County Attorney, the State appearing by Robert G. Fuhrman, County Attorney, and the defendant, Earl Alexander, appearing in person but without attorney.

"Thereupon the information herein was read to the defendant and he was asked how he plead thereto to which he replied 'Guilty.'

"The court thereupon read to the defendant section 29-2217, Compiled Statutes of Nebraska for 1929, and asked the defendant whether, after hearing and knowing what

penalty could be inflicted upon him under his plea of guilty, he still desired to plead guilty. To this interrogation by the court the defendant answered in the affirmative.

"Thereupon the court asked the defendant if he had anything to say why judgment and sentence of the court should not be pronounced upon him, to which he replied in the affirmative. The defendant thereupon addressed the court, asking that he be given a further chance. The court then asked for and received the remarks of the County Attorney.

"The court thereupon passed judgment and sentence as follows:

"It is the judgment and sentence of the court that the defendant, Earl Alexander, be confined in the penitentiary of the State of Nebraska at hard labor, Sundays excepted as to hard labor, no part of which shall be in solitary confinement, for a period of seventeen years (17), and pay the costs of prosecution herein.

"And it is, further, ordered, that the defendant be and he is hereby, committed to the custody of the Sheriff of Thurston County, Nebraska, who will convey him to the penitentiary of the State of Nebraska for service of the sentence pronounced herein. Costs $96.33.

"By the Court: Mark J. Ryan, District Judge."

Relator predicates his right to relief on two grounds: (1) That "the judgment fails to disclose an offense or to specify the offense of which the defendant was convicted," and (2) that defendant was "deprived of his liberty without the assistance of counsel for his defense."

"Habeas corpus is a collateral, and not a direct, proceeding, when regarded as a means of attack upon a judgment sentencing a defendant." *Hulbert v. Fenton*, 115 Neb. 818, 215 N. W. 104.

The judgment or sentence in a criminal case is thus supported by the usual presumptions of validity when thus attacked.

To obtain release from a sentence by habeas corpus, it must be absolutely void. *Hulbert v. Fenton, supra; Michael-*

son v. Beemer, 72 Neb. 761, 101 N. W. 1007; In re Carbino, 117 Neb. 107, 219 N. W. 846.

In view of the collateral nature of the proceeding, facts, as distinguished from mere legal conclusions, must be alleged by the relator to negative the legal force and effect of the judicial record he has pleaded, including the presumptions of validity and regularity which the terms thereof invoke. There is no requirement of statute that the terms of the information be incorporated in the journal entry covering the imposition of penalties inflicted thereunder. Then too, the validity of a judgment record must be determined by due consideration of all proper entries and parts thereof construed together. In the instant case, the relator's petition establishes the existence of an information, presented and filed by the county attorney, which charged the relator with a crime; that relator pleaded guilty to the charges therein contained, and upon such plea of guilty was sentenced by the district court, which sentence has not been appealed from. But relator has wholly failed to allege the terms or legal effect of the information on which the judgment he seeks to collaterally attack was based. Obviously the presumption of regularity and validity, which supports judicial proceedings when collaterally attacked, supplies what relator's omission in his pleadings have produced. Under these circumstances, in the absence of averment to the contrary, we must assume that the information properly charged the offense to which relator pleaded guilty and upon which the district court for Thurston county rightfully imposed the sentence sought to be invalidated by this proceeding. 34 C. J. 517.

"It is a general rule that habeas corpus will not lie to discharge from custody one serving a penal sentence, if the court imposing such sentence had jurisdiction of the offense and of the person of the defendant, and the sentence was within the power of the court to impose." In re Carbino, 117 Neb. 107, 219 N. W. 846.

As to the failure of the trial court to provide relator with the services of an attorney, the rule appears to be, viz.:

"The constitutional right of accused to have the assistance of counsel may be waived, and a waiver will be implied where accused, being without counsel, fails to demand that counsel be assigned him." 16 C. J. 821.

So, also, this court is committed to the view that, "A person charged with crime may, by a judicial confession of guilt, waive all the rights secured to him by section 11, article I of the Constitution." *McCarty v. Hopkins,* 61 Neb. 550, 85 N. W. 540.

It follows that the action of the district court for Lancaster county in its denial of the issuance of the writ of habeas corpus was, under the circumstances set forth in this record, correct, and it is

AFFIRMED.