## BOYD v. O'GRADY, Warden.
### No. 11900.

Circuit Court of Appeals, Eighth Circuit.

June 30, 1941.

Charles H. Flansburg, of Lincoln, Neb., for appellant.

Walter R. Johnson, Atty Gen., of Nebraska, and C. S. Beck, Asst. Atty. Gen., of Nebraska, for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken from an order denying appellant's petition for the writ of habeas corpus.

The petition contained allegations that:

Appellant was unlawfully confined in the Nebraska penitentiary; that he was arrested in Omaha on December 26, 1938, charged with stabbing with intent to wound; that he did not reside in Omaha and had no acquaintances, friends or relatives there, and had no means to hire a lawyer. He is a colored man with no education beyond the fifth grade of public school. He did not know of his constitutional rights or that he was entitled to the assistance of counsel. Having waived preliminary examination, he was committed to jail and thereafter the Deputy County Attorney presented an information against him. He was arraigned upon the information, and having plead guilty on January 27, 1939, an indeterminate sentence of from one to three years imprisonment was imposed. At that time the only person present besides the accused was the Deputy County Attorney who threatened appellant that if he attempted to change his plea of guilty to not guilty a much heavier sentence would be imposed. After sentence, appellant was remanded to jail, and at that time he asked the jailer to call a lawyer for him and he was not permitted to communicate with a lawyer. He was thereupon taken to the penitentiary. In July of 1939, through the assistance of a fellow prisoner, he filed a writ of error coram nobis in the District Court of Douglas County, and on October 7, 1939, the indeterminate sentence was set aside and he was re-sentenced to a definite term of three years from January 27, 1939. Thereafter on March 15, 1940, appellant filed a petition for a writ of habeas corpus in the District Court of Lancaster county, Ne-

braska. It was dismissed on the same day on the ground that no cause of action was stated. Appellant alleged that he was innocent of the crime charged and that he would have proved his innocence if he had had the assistance of counsel and had been afforded a jury trial. He alleged that he was entitled to a writ of habeas corpus because, among other things, "he was denied the right to counsel for the trial of his case in contravention of the Sixth and Fourteenth Amendments to the Constitution of the United States."

The warden of the penitentiary filed objections to the issuance of the writ of habeas corpus, presenting that the petition did not state facts sufficient to require or authorize the issuance of the writ; that the petition disclosed that no appeal was taken from the judgment of the trial court on the writ of error coram nobis, or from the judgment of the District Court of Lancaster County dismissing the writ of habeas corpus, and that the appellant's remedies in the state courts had not been exhausted; that the Deputy County Attorney of Douglas County had ample authority to sign and verify the information; that appellant, by his plea of guilty, waived his right to trial by jury or to the assistance of counsel, * * * and that no exceptional circumstances of peculiar urgency were shown in the petition which would justify the intervention of the federal court. No facts alleged in appellant's petition were controverted.

█ It appears from the record that the District Judge did not pass upon the question whether or not the petition for habeas corpus alleged facts sufficient to show that appellant was deprived of his liberty in violation of his rights under the federal constitution, but sustained the objection that the petition did not present a case where federal intervention was justified and therefore dismissed it. The commitment complained of was by authority of a state court for violation of state law, and it was, and is, contended that the appellant should have availed himself of and exhausted the remedies available to him in the state courts, and if denied relief, his remedy was by appeal to the United States Courts. It is well settled that: "The power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. Ex parte Royall, 117 U.S. 241, 250-253, 6 S. Ct. 734, 29 L.Ed. 868; In re Wood, 140 U. S. 278, 289, 11 S.Ct. 738, 35 L.Ed. 505; Ex parte Frederich, 149 U.S. 70, 77, 78, 13 S.Ct. 793, 37 L.Ed. 653; New York v. Eno, 155 U.S. 89, 98, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 240-242, 16 S.Ct. 297, 40 L.Ed. 406; Baker v. Grice, 169 U.S. 284, 290, 18 S.Ct. 323, 42 L.Ed. 748; Tinsley v. Anderson, 171 U. S. 101, 104, 105, 18 S.Ct. 805, 43 L.Ed. 91; Davis v. Burke, 179 U.S. 399, 401-403, 21 S.Ct. 210, 45 L.Ed. 249; Riggins v. United States, 199 U.S. 547, 549, 26 S.Ct. 147, 50 L.Ed. 303; United States ex rel. Drury v. Lewis, 200 U.S. 1, 6, 26 S.Ct. 229, 50 L.Ed. 343; Glasgo v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 56 L.Ed. 1147; Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497."

Our question is whether in view of the practice and law applicable to habeas corpus in Nebraska, the facts alleged in this petition present the "rare case and peculiar urgency" which justify the intervention of the federal court. The allegations are in substance that although the appellant is innocent of the crime charged against him, he was deprived of his liberty, kept in ignorance of his rights, denied the assistance of counsel and coerced into pleading guilty by threats of the prosecutor. If such were the facts, his detention was unlawful, and if such wrongful detention was under federal authority he would clearly be entitled to his writ of habeas corpus. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L. Ed. ——. Appellant contends that at the time this petition was presented to the District Judge in September, 1940, the practice in habeas corpus proceedings in Nebraska under the decisions of the Supreme Court of the State, was such that the appellant could not, as a practical matter, obtain a complete judicial hearing upon his claim that he had been wrongfully denied the assistance of counsel and he contends that he had without avail done all that he could do to obtain such hearing in

the State court. Through the aid of a fellow prisoner he had filed application for the writ of coram nobis which resulted only in a change of his sentence from an indeterminate sentence to a definite term, and his application to the State court for the writ of habeas corpus was denied on the ground that it failed to state a cause of action. He contends that appeal to the State Supreme Court from such denial would be unavailing because that court had repeatedly held that the constitutional right of an accused to have counsel could be waived and that a waiver will be implied where the accused, being without counsel, fails to demand that counsel be assigned him and pleads guilty. Alexander v. O'Grady, 137 Neb. 645, 290 N.W. 718; Davis v. O'Grady, 137 Neb. 708, 291 N.W. 82.

In the recent case of Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 573, 85 L.Ed. ——, the Supreme Court considered on certiorari, a judgment of the Supreme Court of Nebraska dismissing an application for writ of habeas corpus. The petition for the writ of habeas corpus in that case contained allegations similar to those in the petition presented here, to the effect that the accused had been denied the assistance of counsel and had been inveigled by the prosecutor into entering a plea of guilty, but the State supreme court had affirmed a dismissal of the petition as failing to state a cause of action. Although the Supreme Court of the United States said "* * * we are unable to reach the conclusion that [the writ of] habeas corpus is unavailable to [one who is imprisoned in violation of procedural safeguards commanded by the federal constitution] under Nebraska law", it pointed out that "the opinions of the Nebraska courts do not mark clearly the exact boundaries within which Nebraska confines the historic remedy of habeas corpus", and the judgment of the Nebraska court dismissing the petition for the writ was reversed. The cause was remanded and the final sentence of the opinion reads, "If petitioner can prove his allegations, the judgment upon which his imprisonment rests was rendered in violation of due process and cannot stand."

We think it must be inferred from the decisions of the Supreme Court of Nebraska in Alexander v. O'Grady and Davis v. O'Grady, supra, and from the action of the Supreme Court of the State in Smith v. O'Grady, supra, and from the state court's summary denial of the petition for habeas corpus in this case, that at least up to the time of the decision in Smith v. O'Grady in February of this year, the Nebraska courts when considering petitions for habeas corpus did not give to the Nebraska statute requiring assignment of counsel to one accused of a penitentiary offense the same effect as the federal courts are required to give to the assistance of counsel clause of the Sixth Amendment in habeas corpus cases before them. It is at best doubtful whether the Nebraska courts would, before Smith v. O'Grady, supra, have granted habeas corpus to a person sentenced on a plea of guilty but without counsel upon proof aliunde that the waiver of counsel, implied by the plea, had not been intelligently and completely made, and it is made clear in Smith v. O'Grady, supra, that the procedural guarantee of the Sixth Amendment to the federal constitution is protected against State invasion through the Fourteenth Amendment.

It follows that this petition for habeas corpus presented to the federal judge the rare case and peculiar urgency where the petitioner had no fair prospect of securing full and complete protection of the rights guaranteed by the federal constitution through habeas corpus proceedings in the State courts, even by appeal to the court of last resort in the State.[1] He had been confined in the jail and penitentiary more than twenty months upon a

---

[1] "There being no doubt of the authority of the Congress to thus liberalize the common-law procedure on habeas corpus in order to safeguard the liberty of all persons within the jurisdiction of the United States against infringement through any violation of the Constitution or a law or treaty established thereunder, it results that under the sections cited a prisoner in custody pursuant to the final judgment of a state court of criminal jurisdiction may have a judicial inquiry in a court of the United States into the very truth and substance of the causes of his detention, although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the state court to proceed to judgment against him." Frank v. Mangum, 237 U.S. 309, loc. cit. 331, 35 S.Ct. 582, loc. cit. 588, 59 L.Ed. 969, quoted Johnson v. Zerbst, 304 U.S. 458, loc. cit. 466, 58 S.Ct. 1019, 82 L.Ed. 1461.

sentence of twenty-nine months (allowing for good time) and could not hope for relief by the process of appeal through the State Supreme Court to the United States Supreme Court within the period of the sentence. Although the Nebraska procedure in habeas corpus will doubtless be conformed to the pronouncement of the Supreme Court in Smith v. O'Grady, supra, it had not been at the time this petition for the writ was presented, and we think the federal judge ought not to have declined to consider it. It states a cause of action and the evidence should be heard.

The judgment appealed from is reversed and the cause remanded.