HENRY A. SWANSON, APPELLANT, v. JAMES M. JONES, WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

39 N. W. 2d 557

Filed November 10, 1949. No. 32683.

*Henry A. Swanson,* pro se, for appellant.

*James H. Anderson,* Attorney General, and *Walter E. Nolte,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The district court for Lancaster County found that the petition of appellant for a writ of habeas corpus did not allege sufficient facts to justify the issuance of a writ, and entered a judgment of dismissal. This is an appeal from that adjudication.

The petition is the only pleading in this case. It was the right and duty of the court to deny the petition and dismiss the case if the facts well pleaded therein, when accepted and considered as true, were insufficient to entitle appellant to a writ of habeas corpus. In re Application of Dunn, 150 Neb. 669, 35 N. W. 2d 673; Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932; Alexander v. O'Grady, 137 Neb. 645, 290 N. W. 718, certiorari denied, 311 U. S. 682, 85 L. Ed. 439, 61 S. Ct. 59. The sufficiency of the allegations of a petition to support a writ of habeas corpus may be examined and determined by the court before a writ is issued or a pleading made by the person charged with the unlawful detention, and if they are not sufficient to require a discharge of the petitioner, a writ may be denied. McAvoy v. Jones, 149 Neb. 613, 31 N. W. 2d 740; Alexander v. O'Grady, *supra.* Such a writ is not demandable of course, but legal cause therefor must be shown as a prerequisite of judicial action favorable to petitioner. In re Application of Dunn, *supra.*

Appellant alleges that he did not have a lawful preliminary hearing, as required by law, because the acting county judge of the county court of Dawson County who presided at the hearing in that court on a charge that appellant had committed first degree murder was a brother and partner in the practice at law of W. M. Cook, who about a week after appellant was bound over to the district court for trial was appointed to and did assist the county attorney in the trial of the case in the district court; that there was no indictment of appellant by a grand jury, and the filing of an information is by law prohibited until there has been a lawful preliminary hearing of the charge against the accused; that he is unlawfully imprisoned and restrained of his liberty by appellee in the Nebraska State Penitentiary without due process of law on a conviction for first degree murder in a court without jurisdiction, and he was tried and convicted with such expedition as to deprive him of reasonable preparation for his defense, effective assistance of counsel, the presentation of his defense on the trial, and a fair trial; that after appellant was charged and taken into custody on October 25, 1939, he employed (A. J.) Shafer and (Dora) Nelson of Holdrege to represent him, and his father, without his knowledge, engaged "Attorney McNerny" (Bernard McNeny of Red Cloud) to defend him, and when Shafer learned this he withdrew; that McNeny was disabled by sickness for three weeks prior to November 11, 1939, and died November 14, 1939, the day before the commencement of the trial of appellant in the district court; that the information was filed and served on November 10, 1939; that three days afterwards appellant made application for a postponement of the time of trial for at least six weeks because of the sickness of his counsel, Mr. McNeny, and the necessity of time to prepare for trial; that the application for continuance was denied and the case set for trial commencing November 15, 1939; that appellant was deprived of his constitutional right to a fair trial, his

right to counsel, his right to effective assistance of competent counsel, and time and opportunity for preparation for trial as required by due process of, and equality before, the law guaranteed by the Constitution of the United States and the laws of Nebraska; that when appellant was put on trial, less than three weeks after the charge was first made against him, under the circumstances, he had no lawyer in "any practical sense"; that Miss Nelson was not qualified, experienced, or competent, and did nothing to defend him; that (L. A.) Sprague was a son-in-law of Mr. McNeny, had been busy with his sickness and death, did not know appellant, was unprepared for trial, had no consultation with appellant, was not acquainted with the case, did not know the people involved or the witnesses, and elected to defend on the claim of insanity of appellant when he was not insane, instead of self-defense; that William A. Stewart, Jr., appeared at the trial, said he was engaged by Sprague, had not been paid as promised, and that was about all the connection he had with the case; that appellant was held in jail without bail, and was not responsible for the tangle of circumstances, but he was put on trial for a capital offense less than three weeks after the charge was filed, and deprived of any preparation or effective representation; and that he paid an attorney the expense of an appeal, thought it had been had and denied until 1945 when he learned nothing was done to obtain a review of his case by this court.

A transcript of the proceedings had in the prosecution of appellant, attached to and made a part of the petition, shows the charge was filed against him in the county court on October 25, 1939, and after conferring with one of his attorneys he appeared the next day in that court, pleaded not guilty, and preliminary hearing was set for six days later. Two days before that date he appeared by his attorneys, McNeny & Sprague, and Shafer & Nelson, and obtained a postponement thereof, until November 9, 1939, when hearing was had and he was

bound over to the district court for trial. Information was filed and served on the 10th of November 1939, and three days thereafter appellant by motion supported by affidavits sought a postponement of the trial of the case for at least six weeks on the ground that his counsel, Bernard McNeny, who had been employed to defend him, had taken ill and would be unable to appear for that period, and preparation for the defense of the case would require the time requested. A postponement was denied; the case set for trial on November 15, 1939, commenced on that date, concluded six days later, resulting in a verdict of guilty of murder in the first degree, and a judgment and sentence that appellant be confined in the Nebraska State Penitentiary for the period of his natural life. The confinement from which he seeks release is by virtue of that sentence.

Habeas corpus is a collateral and not a direct proceeding when regarded as a means of attack upon a judgment imposing a sentence for a crime, and because of this, facts, as distinguished from legal conclusions, are required to be alleged by the petitioner to negative the legal force and effect of the judicial record, including the presumptions of validity and regularity which the terms thereof invoke. Hulbert v. Fenton, 115 Neb. 818, 215 N. W. 104; Alexander v. O'Grady, *supra*. Persons convicted of crime for which they stand committed are excepted from those entitled to the benefit of a statute of this state on the subject of habeas corpus. § 29-2801, R. S. 1943. The available issue ordinarily upon an application for a writ of habeas corpus by a prisoner detained by virtue of a verdict, sentence, and commitment in a criminal action is the validity thereof. It has often been affirmed by this court that to obtain release from a sentence by habeas corpus, it must be void, and that it may not be availed of to discharge a prisoner from a sentence of penal servitude, if the court imposing the sentence had jurisdiction of the offense and of the person of the defendant, and the sentence was within the

power of the court. Iron Bear v. Jones, 149 Neb. 651, 32 N. W. 2d 125; In re Application of Dunn, *supra;* Jackson v. Olson, *supra;* Alexander v. O'Grady, *supra.* The record made a part of the petition of appellant clearly and conclusively shows that the court which imposed the sentence on appellant had jurisdiction of the offense and of his person, that the sentence was fixed by the verdict of the jury, and was within the power of the court. § 28-401, R. S. 1943. The petition herein tendered no issue as to any of these. Implicit in his petition are the elements which make unavailable the remedy he seeks.

The appellant appeared with his counsel at the time set for trial; did not renew or interpose any objection or any additional reason for not then proceeding with the trial; had and accepted the services of one or more (had a total of five) attorneys at each part of the proceedings from the time of his first appearance in county court until his conviction and sentence; and made no objection or complaint to the court as to his representation or the action or omission of his counsel. The attorneys for appellant were not furnished by the State, and it was not responsible for their selection, the quality of their service, or any error in their judgment. The State has no power or duty to assure a defendant charged with a crime that he has the ablest counsel, or to guarantee him that his counsel will please him or obtain a favorable result. Appellant did not ask the State to provide him legal counsel, and he can obtain no relief now on the claim that he was not properly defended. Alexander v. O'Grady, *supra;* Jackson v. Olson, *supra.*

Appellant asserts that he did not have a lawful preliminary hearing, because thereof the law prohibited the filing of an information charging him with a crime in the district court, and the court was without jurisdiction to try and sentence him. § 29-1607, R. S. 1943. The claimed defect in the preliminary examination is the alleged disqualification of E. A. Cook, Jr., acting

county judge who presided, because of his relationship to his brother and partner, W. M. Cook, who assisted in the prosecution of the case in the district court. The record shows the first connection of W. M. Cook with the case was four days after the preliminary examination was had. No objection was made by the defendant that he had not had a lawful preliminary hearing before he made his plea of not guilty in the district court, and any failure in this regard was waived. The omission to accord a preliminary examination to a person charged with crime is a mere defect, is not jurisdictional, and may be and is waived if not complained of before making a plea of not guilty. It is too late after verdict to raise the objection. Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880; Roberts v. State, 145 Neb. 658, 17 N. W. 2d 666.

Appellant complains vigorously and bitterly of the fact that he was detained for about three weeks in the isolation room of the penitentiary hospital and transferred from there against his will and without cause to and kept in the Hastings State Hospital for the insane for about three months and returned to the penitentiary. This contributes nothing to the right to have the remedy of habeas corpus. That remedy is not available, in the absence of statute authorizing it, for the purpose of inquiring into the legality of a particular form, manner, or place of confinement executively or administratively imposed upon a prisoner lawfully in custody in an authorized place under a valid sentence and commitment. The placing of a convict according to his classification, as sick or well, dangerous or peaceful, sane or insane, is a detail of prison management with which the court may not interfere. In re Application of Dunn, *supra*.

The judgment of the district court is correct and should be affirmed.

AFFIRMED.