CHARLES SEDLACEK, APPELLANT, V. JOHN B. GREENHOLTZ, ACTING WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

41 N. W. 2d 154

Filed February 16, 1950. No. 32734.

L. R. *Doyle,* for appellant.

James H. *Anderson,* Attorney General, and *Walter E. Nolte,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Petitioner, Charles Sedlacek, appeals from an order of the district court for Lancaster County sustaining a motion of defendant, John B. Greenholtz, acting warden of the Nebraska State Penitentiary, to quash and dissolve the writ of habeas corpus, which had been issued pursuant to the prayer of the petition, and to dismiss the action.

The petition alleges that petitioner is imprisoned in the Nebraska State Penitentiary by authority of a five-year sentence imposed upon him by the district court for Saline County at a time when he was insane.

The foregoing sentence was imposed by the district court for Saline County after a jury had found the petitioner guilty of the crime of burglary. For a detailed statement of the case and our affirmance thereof, see Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

"The sufficiency of the allegations of relator's petition to support a writ of habeas corpus allowed by virtue thereof, may be questioned before making return thereto by a motion to dissolve or quash the writ.

"Such motion admits all ultimate facts well pleaded in relator's petition, as distinguished from conclusions of law therein, and when thus tested it is ascertained that the allegations thereof are not sufficient to warrant discharge, the motion should be sustained and the writ dissolved or quashed." In re Application of Dunn, 150 Neb. 669, 35 N. W. 2d 673.

"In a petition for a writ of habeas corpus, if relator sets forth facts which, if true, would entitle him to discharge, then the writ is a matter of right and relator should be produced and a hearing held thereon to determine the questions of fact presented. But if relator shows by the facts alleged in his petition for the writ that he is not entitled to relief, then the writ should be denied." McAvoy v. Jones, 149 Neb. 613, 31 N. W. 2d 740.

The basis of the action is that petitioner, after conviction but before sentence was imposed by the district court, became a lunatic or insane within the meaning of section 29-1822, R. R. S. 1943, and, because of that fact, the trial court was without power to impose sentence and, consequently, his order doing so is void.

Section 29-1822, R. R. S. 1943, provides as follows: "A person who becomes lunatic or insane after the commission of a crime or misdemeanor shall not be tried for the offense during the continuance of the lunacy or insanity. If, after the verdict of guilty, and before judgment pronounced, such person becomes lunatic or insane, then no judgment shall be given while such lunacy or insanity shall continue; and if, after judgment and before execution of the sentence such person shall become lunatic or insane, then in case the punishment be capital, the execution thereof shall be stayed until the recovery of such person from the insanity or lunacy."

As stated in Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932: "To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose." See, also, Swanson v. Jones, 151 Neb. 767, 39 N. W. 2d 557; McAvoy v. Jones, supra; and In re Carbino, 117 Neb. 107, 219 N. W. 846.

In McAvoy v. Jones, supra, we held: "A relator cannot by habeas corpus collaterally attack increased punishment under the habitual criminal statute upon the ground that he was mentally incompetent at the time of a former conviction and sentence." Therein we quoted with approval from McMahan v. Hunter, 150 F. 2d 498, the following: "Generally, insanity as a bar to the imposition of sentence is a factual issue for the determination of the court having jurisdiction of the offense, and a judgment of sentence by a court of competent jurisdiction may not be collaterally attacked on that issue in a habeas corpus proceedings."

In McAvoy v. Jones, supra, we also referred to State ex rel. Novak v. Utecht, 203 Minn. 448, 281 N. W. 775. Therein the Minnesota court held: "The statute, 2 Mason Minn. St. 1927, § 9915, directing the district court not to try a person for crime while he is in a state of insanity, imposes a duty on, but does not go to the jurisdiction of, the court. Hence failure to comply with the statute is no ground for collateral attack, as by habeas corpus, on the judgment of conviction."

Section 29-1822, R. R. S. 1943, which directs that a person shall not be tried for an offense while he is in a state of lunacy or insanity and that sentence, after conviction, shall not be imposed while a person is in that condition, imposes a duty on but does not go to the jurisdiction of the court.

Consequently, a person convicted and sentenced by a court having jurisdiction of the offense and of the person, when the sentence imposed is within the power of the court, cannot, by habeas corpus, collaterally attack the conviction and sentence upon the ground that he was insane at the time thereof. See, Newcomb v. State, 129 Neb. 69, 261 N. W. 348; 25 Am. Jur., Habeas Corpus, § 84, p. 209; Annotation, 121 A. L. R. 268; Swain v. State, 215 Ind. 259, 18 N. E. 2d 921.

Petitioner also raises the question of his right to be released on bail pending his appeal. Application for bail was denied by the district court.

Rule 8 a 2 (4) of the rules of the Supreme Court as to procedure on appeal provides: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned."

While the foregoing was assigned as error it was not discussed in the brief within the meaning of the foregoing rule. In view of our holding herein it is not of such importance that the court will consider the matter on its own option.

For the reasons stated the judgment of the district court is affirmed.

AFFIRMED.