WILLIAM H. THOMAS, appellant, v. RAY PURCELL, appellee.

No. 50034.

(Reported in 104 N.W.2d 823)

SEPTEMBER 20, 1960.

REHEARING DENIED NOVEMBER 18, 1960.

Wilson, Maley & Stamatelos, of West Des Moines, for appellant.

Norman Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, and Rex Schrader, County Attorney, Jones County, for appellee.

HAYS, J.—In October 1957 petitioner was charged in the Winneshiek District Court with larceny of a motor vehicle and with breaking and entering in the nighttime. To these charges he entered pleas of guilty and was sentenced to concurrent terms of not to exceed ten years in the State Penitentiary. Shortly thereafter he was transferred to the insane ward at the Men's Reformatory, under the provisions of section 246.16, Code of 1954, where he is now confined. By habeas corpus proceedings he seeks to nullify these convictions. The trial court dismissed his petition and he appeals.

The basis of the action is his claim that he was denied his constitutional right to counsel and thus denied due process of law. Specifically, it is alleged he was incompetent and of unsound mind at the time of his pleas of guilty and was incompetent to waive his constitutional rights.

■ ■ Under our more recent decisions involving habeas corpus by one confined in prison, the denial of his constitutional rights, including the right to counsel, constitutes a lack of due process of law such as may invoke the benefits of habeas corpus. However, under the statute in force at the time material here, one charged with a felony might waive his right to counsel, if competently and intentionally done, and the burden is upon the petitioner to show by a preponderance of the evidence that such waiver was not so made. Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556; Carpentier v. Lainson, 248 Iowa 1275, 84 N.W.2d 32, 71 A. L. R.2d 1151; Mann v. Lainson, 250 Iowa 529, 94 N.W.2d 759.

Certain facts were stipulated. In August 1954 petitioner, a prisoner in the Federal penitentiary at Leavenworth, Kansas, was declared by an examining board to be of unsound mind and on the order of the Attorney General was transferred to a Medical Center for Federal prisoners. In May 1957 he was an

inmate in the Polk County, Iowa, jail and was transferred to the Men's Reformatory to await trial. Later he was transferred to the Mental Health Institute at Cherokee, Iowa, from which he escaped and was subsequently charged with the crimes for which he is now being held. In October 1957, shortly after his admission in the penitentiary, he was examined by the Superintendent of the Mental Health Institute at Mount Pleasant, Iowa, and classified as an "unclassified psychotic" and transferred to the Men's Reformatory.

Dr. Joseph Stomel, M.D., by deposition, stated that he examined petitioner on May 1, 1958, and diagnosed him as a "schizophrenic reaction, paranoid type." Also, by deposition, Judge T. H. Goheen, who presided at the criminal trial in question, and the then County Attorney and Sheriff of Winneshiek County, Iowa, testified. They all state that they observed the petitioner at the time of the trial, that they observed nothing to indicate he was not normal mentally, and in their opinion, he was sane, knew right from wrong and was competent to waive his right to an attorney. They further say that he was fully advised as to his right to an attorney, that he stated he did not want one and pleaded guilty. They further say that it is their recollection that a local member of the bar was called in and he consulted with the petitioner before the pleas were entered. However, the court records were introduced in evidence and they show that petitioner, after being fully advised of his rights, waived his right to counsel.

I. The trial court found that petitioner was sane at the time he entered his pleas of guilty, and also found that in truth and in fact he had the benefit of counsel at that time. Error is assigned as to this last finding.

 Habeas corpus of the type here involved is a law action. The facts as found by the trial court have the effect of a jury finding and, if there is substantial support in the record for such findings, the same are binding upon this court. We have carefully examined the record and do not find such support for this finding. No mention is made in the court records as to counsel being called in; in fact it specifically states that the right to counsel was waived. It is clear that

counsel was not present during any of the trial proceedings and each of the three above named witnesses state that the counsel, alleged to have been called in, stated to them that he has no recollection of ever talking with the petitioner. We hold that the court erred in finding petitioner had the benefit of counsel. We also hold it was error without prejudice in view of its finding that petitioner was sane.

 II. Error is assigned in the trial court's sustaining objections to petitioner's Exhibit "1" which presents the crux of the case. Exhibit "1" is the statement of the Board of Examiners at the Leavenworth penitentiary, dated August 19, 1954, and addressed to the Attorney General, that it finds petitioner to be of unsound mind and recommends his transfer to the Medical Center for Federal prisoners, and the order of the Attorney General for such transfer. It is petitioner's contention that this exhibit constitutes an adjudication of insanity as of August 19, 1954; that this carries with it a presumption of continued insanity existing in October 1957 and, if admitted in evidence, would shift the burden of proof to the defendant to show petitioner, at the time he waived his right to counsel, had recovered his sanity. It is true under certain circumstances that where insanity of a continuing character is shown, it is presumed to have continued until the contrary is shown. However, one charged with a crime is presumed to be sane, and the burden, at least in the first instance, is upon him to establish the insanity. 22 C. J. S., Criminal Law, section 584; 20 Am. Jur., Evidence, section 155.

 Exhibit "1" was offered as constituting an adjudication of insanity as of August 19, 1954. It states:

"In accordance with existing law the undersigned Board of Examiners hereby certify that upon examination of the prisoner below named we have found him to be of unsound mind, as more fully appears in the medical report attached. [No medical report appears in the record.] Accordingly, we recommend transfer of said prisoner to the Medical Center for Federal prisoners at Springfield, Missouri."

Also, as a part of the exhibit is the order making the transfer. Nowhere is there any mention of the type of insanity

or whether it is of a continuing character; neither does it appear, from the exhibit, that the examination was before a legally constituted board, based upon notice and hearing with the opportunity to appear and defend. Rather, it appears to have been an administrative proceedings by which one in charge of the prison may transfer prisoners to other institutions as their interest and the interest of the other inmates of the prison may require. Ex Parte Soborsky, 109 Vt. 476, 199 A. 757; Sedlacek v. Hann, 156 Neb. 340, 56 N.W.2d 138. It appears to be similar to our Code section 246.16, Code of 1954, and does not constitute an adjudication such as to raise a presumption of insanity. Hiatt v. Soucek, 240 Iowa 300, 36 N.W.2d 432. See also 72 C. J. S., Prisons, section 19. It is at best only evidence of insanity. State v. Bruntlett, 240 Iowa 338, 36 N.W.2d 450.

All of the matters set forth in the exhibit were before the court under the stipulated facts and while it may well have been admitted, its exclusion does not constitute error. Under the record we find no error in the court's finding that petitioner was sane on October 7, 1957, when he appeared in court to answer to the two criminal charges.

While other errors are assigned, they are more or less tied in with Exhibit "1". We have examined them and find no error therein. The judgment of the trial court is affirmed. —Affirmed.

LARSON, C. J., and BLISS, GARFIELD, THOMPSON, PETERSON, and THORNTON, JJ., concur.

GARRETT, J., dissents.

OLIVER, J., not sitting.