IN RE APPLICATION OF JACK H. STUCKEY, JR., FOR A WRIT OF HABEAS CORPUS.
JACK H. STUCKEY, JR., APPELLANT, v. JOHN ROHNERT, APPELLEE.

140 N. W. 2d 9

Filed February 11, 1966. No. 36092.

William S. Padley, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an appeal from the dismissal of an application for a writ of habeas corpus.

Jack H. Stuckey, Jr., hereinafter referred to as appellant, on September 16, 1964, in the justice of the

peace court of Roy L. Welch, a justice of the peace in and for Dawson County, pleaded guilty to a charge of driving on a suspended driver's license, first offense, and was found guilty as charged. Appellant was at all times represented by counsel. The penalty, and the only penalty provided for such offense, which is governed by section 60-430.01, R. R. S. 1943, is 30 days in the county jail. At the special request of appellant and his attorney, the justice of the peace agreed that the sentence should start December 26, 1964, and made the entry accordingly. On December 29, 1964, the appellant attempted to appeal the conviction to the district court. A motion to dismiss the appeal was sustained. Thereafter, on February 12, 1965, appellant was surrendered to the sheriff, the appellee herein, by his bondsman, and this habeas corpus action followed. A writ was issued immediately and a hearing was held thereon the afternoon of February 12, 1965. After trial the district court dismissed the writ and the appellant has perfected this appeal.

Appellant's contention is that the judgment of conviction is void because the justice of the peace had no authority to suspend the execution of the sentence for a period beyond 90 days by virtue of section 29-2202, R. R. S. 1943. This is a point we need not determine. The appellant, having solicited that part of the judgment against him which delayed the execution of the sentence beyond the 90-day period, is in no position to question it.

Here the justice of the peace court had jurisdiction of the offense and of the appellant. The sentence pronounced is the only one permitted by section 60-430.01, R. R. S. 1943. Appellant does not challenge the sentence but only the time it was to take effect. Because he himself induced the justice of the peace to postpone the effective date of the sentence, he cannot take advantage of any infirmity which may be involved therein. Habeas corpus, therefore, is not available to him. As we said in Sedlacek v. Hann, 156 Neb. 340, 56 N. W. 2d 138:

"Habeas corpus is not available to discharge a prisoner from a sentence of penal servitude if the court imposing it had jurisdiction of the offense and of the person charged with the crime, and the sentence was within the power of the court."

Appellant complains that he has been placed in a position where his right of appeal has been lost by the conduct of the court in attempting to commit him under a void sentence. It is obvious that appellant is attempting to substitute habeas corpus for an abortive attempt to appeal. It is equally obvious that the appellant did not attempt to appeal for more than 3 months after the pronouncement of the sentence. It is also evident that to permit the appellant to prevail in this instance would be to make a mockery of the judicial process.

The judgment of the trial court is affirmed.

AFFIRMED.