(91 Misc. Rep. 616)

PEOPLE ex rel. STEPHANI v. NORTH, Medical Sup't, etc.

(Supreme Court, Special Term, New York County. February, 1915.)

1. HABEAS CORPUS ⬅23—PLACING OF CONVICTS—INSANITY.

The placing of a convict, according as he may be classified as sane or insane, is a detail of prison management, with which the court cannot interfere on an application for a writ of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. ⬅23.]

2. HABEAS CORPUS ⬅23—RIGHT TO WRIT—CONVICT.

Under Code Civ. Proc. §§ 2016, 2020, relating to writs of habeas corpus, where the petition of a convict for a writ of habeas corpus showed that relator was duly convicted and sentenced to Sing Sing Prison for life, and transferred therefrom to the Dannemora State Hospital as an insane person, thereby showing a situation with which the court could not interfere, the writ should have been denied.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. ⬅23.]

Habeas corpus by the People, on the relation of Alphonse J. Stephani, against Charles H. North, Medical Superintendent of Dannemora State Hospital. Writ dismissed.

Arthur S. Hogue, of Plattsburg, for relator.

James A. Parsons, Atty. Gen. (C. R. McSparren, Deputy Atty. Gen., of counsel), for defendant.

HENRY T. KELLOGG, J. A convict under sentence, since the year 1891, for the crime of murder in the second degree, seeks discharge under a writ of habeas corpus from Dannemora State Hospital, where since the year 1903 he has been confined on a transfer from Sing Sing Prison.

Whenever a male prisoner is certified by a physician of a state prison to be insane, he is transferred to the Dannemora State Hospital. Insanity Law (Consol. Laws, c. 27) § 158. The original certificate of conviction is forwarded to the medical superintendent of the hospital. Section 158. The convict remains in the hospital for a term no greater than the term of his sentence. Section 159. If detained longer, it can only be under an order of court committing him as an insane person. Section 159. If he becomes sane before his term expires, and the superintendent so certifies, he must be returned to the prison whence he came. Section 161.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is thus clear that two classes of persons are confined in Dannemora State Hospital: First, a class of convicts detained solely as prisoners, the only warrant for whose detention is the original certificate of conviction; and, second, a class of ex-convicts, detained as insane persons, solely under an order of commitment as such, granted by a court or judge at the conclusion of proceedings in lunacy.

[1] In the case under consideration, the convict belongs to the former class. His sentence was life imprisonment. Within the term of that sentence he is confined in one of several of the state institutions devoted to the purpose. His punishment is imprisonment. In the place of his imprisonment he has no choice or say. The state names the place, and it may name for him, when pronounced insane, an insane hospital, as well as it may name for another, when pronounced tubercular, a hospital for tubercular convicts. No court may intervene, and by pronouncing a convict sane or well, against the judgment of the prison management, transfer him to another prison. The placing of a convict, according as he may be classified as sick or well, dangerous or peaceful, sane or insane, is a detail of prison management, with which no court can interfere.

[2] Furthermore, it may be said that this is a case in which no writ should in the first instance have issued. A writ must issue unless it appears from the petition itself that the petitioner is prohibited by law from prosecuting the writ. Code, § 2020. In this instance the petition shows that the relator was duly convicted of the crime of murder in the second degree, and duly sentenced to Sing Sing Prison for the term of life, from which prison he was transferred to Dannemora State Hospital as an insane person. It therefore appeared on the face of the petition that he was detained by virtue of a final judgment of a competent tribunal of criminal jurisdiction, in which case no writ should issue. Code, § 2016.

The writ is therefore dismissed.

Writ dismissed.