## FARRANT v. LAINSON.
### Civ. No. 1-26.

United States District Court
S. D. Iowa, E. D.
July 21, 1952.

38

E. J. Farrant, pro se.

RILEY, District Judge.

Petitioner comes to this court with what is denominated "Emergency Petition for Temporary Writ of Habeas Corpus" accompanied by what is entitled "Incorporated Motion To Proceed and Motion To Obtain Records." For purposes of this memorandum the petition for habeas corpus will be regarded as attached to the motion and a part of it.

The petitioner alleges his detention in the Iowa State Penitentiary at Fort Madison, Iowa, by the respondent, Warden, under a sentence of life imprisonment for first degree murder.

He seeks the issuance of an "emergency temporary writ of habeas corpus" because of alleged violations of the rights guaranteed to him by the 8th and 14th Amendments to the Constitution of the United States charged to have been experienced and suffered at the hands of respondent and others acting under his orders, direction and control since and during petitioner's incarceration. He charges violent treatment, solitary confinement, resultant illness, malnutrition, pain and suffering, denial of adequate and effective medical attention, and consequent danger to his health and life.

The petitioner tenders no filing fee. The court will consider his motion to proceed as an application to do so in forma pauperis, under Section 2250, Title 28, U.S.C., and will grant permission solely for the purpose of this motion.

Petitioner's motion to proceed and to obtain records must be denied. The court must deny him also the right to file his petition. This is because of its substance, not its form. The substance is beyond this court's jurisdiction. There is no power here to superintend or interfere with the discipline of prisoners in the state prison, if Williams v. Steele, 8 Cir., 194 F.2d 32, as supplemented on rehearing, is correctly interpreted.

The prison system of Iowa is placed by the General Assembly of Iowa under the management, control and direction of the Board of Control of the State of Iowa, Sec. 218.1, Code of Iowa, 1950, as amended, I.

C.A. That board is required to report to the Governor any abuses found to exist in any institution, Sec. 218.3. It is given authority to make investigation of the management, Sec. 218.28–Sec. 218.31, and is required to "give such inmates as may require it, suitable opportunity to converse with them apart from the officers and attendants". Sec. 218.29.

Petitioner's motion to obtain records must be denied because of the denial of permission to file his petition for a writ of habeas corpus. If this court had jurisdiction to entertain that petition, it would have power to issue a writ of certiorari to respondent as auxiliary to its writ of habeas corpus, if in its discretion it believed the records should be certified. Hyde v. Shine, 199 U.S. 62, 85, 25 S.Ct. 760, 50 L.Ed. 90; Ex parte Salinger, 2 Cir., 288 F. 752.

It is perhaps due to petitioner to say that Williams v. Steele, supra, holds that the Federal Prison System is under the direction of the Attorney General of the United States and that the United States District Courts have no power to supervise or interfere with the discipline or treatment of prisoners, and that accordingly habeas corpus to test such treatment is not available as within our jurisdiction. Since the petitioner here seeks habeas corpus for that purpose, the filing of his petition must be denied.