## STATE EX REL. LESTER LAVERN RICHTER v. EDWIN T. SWENSON.[1,2]

March 12, 1954.

No. 36,362.

*Lester Lavern Richter, pro se.*

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, for respondent.

PER CURIAM.

This matter is here on a petition for leave to file an appeal without payment of the statutory filing fee as required by M. S. A. 357.08.

---

[1]Reported in 63 N. W. (2d) 265.
[2]Certiorari denied. 347 U. S. 979. 74 S. Ct. 792. 98 L. ed. 1117.

Relator was charged by information with having committed the crime of grand larceny in the first degree. On his application, he was permitted to plead to the charge prior to the general term of court. Counsel having been appointed to represent him, he appeared before the district court of Kandiyohi county, in the twelfth judicial district, on July 5, 1951, and entered a plea of guilty to the charge. Thereafter, an information was filed charging him with the commission of three prior felonies. He admitted the truth of the information insofar as it related to the commission of the three prior felonies. Thereupon the court imposed sentence under § 610.29 to twice the minimum sentence provided for the crime of which he was convicted but for a term not to exceed 25 years. Relator, pursuant to such sentence, was imprisoned in the state penitentiary, where he still remains.

On August 28, 1953, relator applied to the district court of Washington county, in the nineteenth judicial district, for a writ of habeas corpus on the ground that he was unlawfully imprisoned in the state penitentiary at Stillwater. The petition was denied on September 8, 1953. Thereafter, relator attempted to appeal to this court. The clerk of this court was of the opinion that he had no authority to file the appeal papers for the reason that relator had failed to deposit the statutory filing fee. Relator thereupon petitioned this court for relief asking that his appeal be heard without payment of such fee. His petition is supported by an affidavit showing that, while he has $18 in his release account, the warden of the prison refuses to permit withdrawal from that fund until it exceeds $25 and that, without such consent of the warden, he cannot use this money to pay the filing charge and that he has no other property or funds. The certificate of the warden substantiates these charges. He takes the position that under § 640.32[3] he cannot authorize

[3]"Subdivision 1. Any money arising under section 640.31 shall be and remain under the control of the director of public institutions, and shall be for the sole benefit of the prisoner, unless by special order of the director of public institutions it shall be used for rendering assistance to his family or dependent relatives, under such regulations as to time, manner and amount of disbursements as the director of public institutions may pre-

withdrawal from the release account until the amount therein exceeds $25. Without deciding whether the position taken by the warden is correct or not, we have decided to dispose of the appeal on its merits, on the record now before us.

■ Under § 621.07, burglary in the first degree is punishable by imprisonment in the state prison for not less than ten years.

It is obvious that relator has not served the minimum sentence prescribed for the offense. He has raised no objection to his conviction of the crime for which he is now in prison. His application for a writ is based on alleged irregularities in imposition of sentence based on prior convictions. There can be no doubt that the court had jurisdiction over relator and the subject matter of the cause. Even if the court erroneously imposed a sentence greater than was permitted by law, the sentence is valid except as to the excess which the statute does not authorize. State ex rel. Carmody v. Reed, 132 Minn. 295, 156 N. W. 127; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781. Until he has served at least the minimum sentence prescribed by law for the crime of which he has been convicted, relator is not entitled to a writ of habeas corpus.

■ On this appeal relator presents essentially two questions of law: (1) Whether the court had jurisdiction in imposing the sentence upon him, and (2) whether § 610.29 is constitutional.

---

scribe. Unless ordered disbursed as hereinbefore prescribed or for an urgency determined, in each case, by the warden or superintendent, at least one-half of such earnings shall be set aside and kept by the institution in the public welfare fund of the state for the benefit of the prisoner and for the purpose of assisting him when he leaves the institution and if released on parole said sum to be disbursed to the prisoner in such amounts and at such times as the board of parole may authorize and on final discharge, if any portion remains undisbursed, it shall be transmitted to the prisoner.

"Subd. 2. If the fund standing to the credit of the prisoner on his leaving the institution by discharge or on parole be less than $25, the warden or superintendent is directed to pay out of the current expense fund of the institutions sufficient funds to make the total of said earnings the sum of $25."

As near as we can determine, it is relator's contention that inasmuch as sentence was imposed under § 610.29, which provides a more severe penalty where the offender has been convicted of former felonies, he has been subjected to double jeopardy for such prior felonies. He also contends that the courts of this state may not take cognizance of offenses committed in another state in imposing a more severe sentence under § 610.29. These questions have long since been disposed of. The act has been held constitutional against the claim of second jeopardy since State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A. (N.S.) 449. For other cases so holding, see 5 Dunnell, Dig. (3 ed.) § 2503c, note 98.

Relator's contention that the courts of this state may not take cognizance of an offense committed in another state in imposing a sentence under § 610.29 has also been decided adversely to him on many occasions. Willoughby v. Utecht, 223 Minn. 572, 579, 27 N. W. (2d) 779, 784, 171 A. L. R. 535, where we said:

"* * * It makes no difference in this connection that defendant committed the prior crime and was convicted thereof in a state other than the one where the second crime was committed for which increased punishment is meted out because of the prior conviction."

See, also, Carlesi v. New York, 233 U. S. 51, 34 S. Ct. 576, 58 L. ed. 843; State v. Stern, 210 Minn. 107, 297 N. W. 321.

The trial court correctly held that relator is not entitled to a writ of habeas corpus on the record now before us.

Affirmed.