STATE EX REL. LESTER L. RICHTER v.
EDWIN SWENSON AND ANOTHER.[1,2]

September 17, 1954.

No. 36,456.

*Lester L. Richter, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Lowell J. Grady,* Assistant Attorney General, for respondents.

NELSON, JUSTICE.

Upon relator's appeal from an order of the district court of Washington county denying his petition for the issuance of a writ of habeas corpus, respondents move for a dismissal of the appeal.

Relator was charged by information with having committed the crime of grand larceny in the first degree. Counsel having been appointed by the court, relator appeared before the district court of Kandiyohi county on July 5, 1951, and entered a plea of guilty.

[1]Reported in 66 N. W. (2d) 17.

[2]Certiorari denied, 348 U. S. 893, 75 S. Ct. 225, 99 L. ed. ——.

Thereafter an information charging relator with commission of three prior felonies was filed. He admitted the truth of this information. The court imposed a sentence under M. S. A. 610.29 of twice the minimum provided for the crime but for a term not to exceed 25 years. Relator, pursuant to such sentence, was imprisoned in the state prison at Stillwater where he is now confined.

Subsequently relator petitioned for a writ of habeas corpus, which petition was denied by the district court of Washington county on September 8, 1953, and the order of the court below affirmed by this court in State ex rel. Richter v. Swenson, 241 Minn. 414, 63 N. W. (2d) 265, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117. On May 29, 1954, relator filed this petition for a writ of habeas corpus, which petition was denied by the district court of Washington county on June 7, 1954. On May 1, 1953, the commissioner of public welfare adopted general rules for the government of inmates in the Minnesota state prison, pursuant to which relator contends he was segregated from the majority of the other inmates for an indefinite period of time for no apparent reason on the part of the prison authorities. Relator contends that these rules constitute an ex post facto law and are constitutionally inapplicable to him.

The facts indicate that relator was actively involved in the "riot" staged at the state prison on or about April 7, 1953, and because of his conduct, was placed in a segregated cell on April 30, 1953, where he remained at the commencement of this proceeding. Apparently at the time of his sentence there was no provision in the prison-governing rules for using segregated confinement as a disciplinary measure. Relator therefore contends that the new rules which took effect May 1, 1953, were in violation of the ex post facto clauses of Minn. Const. art. 1, § 11, and U. S. Const. art I, § 10, for the reason that the new rule inflicts a more burdensome and aggravated punishment than was in existence at the time of sentencing and imprisonment or at the time of his participation in the "riot."

It is an established rule in this state that a prisoner committed or detained by virtue of a final judgment of a competent tribunal

cannot be released on habeas corpus. Jurisdiction in this connection means jurisdiction of the person and the subject matter and jurisdiction to render the particular judgment. See, 8 Dunnell, Dig. (3 ed.) § 4132; State v. Rudin, 153 Minn. 159, 189 N. W. 710; M. S. A. 589.01. In the recent case of Kubus v. Swenson, 242 Minn. 425, 65 N. W. (2d) 177, this court held that the remedy of habeas corpus did not lie since the statute providing this remedy specifically excludes operation of habeas corpus as to "persons committed or detained by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction."

In this proceeding, the petitioner seeks immediate release and discharge from prison based on the claim that he is being improperly treated by the commissioner of public welfare and the warden owing to new governing rules for inmates adopted May 1, 1953, by the commissioner of public welfare. He claims mainly that under these new governing rules for inmates he is being held in segregation as punishment for the violation of certain rules and regulations not in force at the time of his imprisonment. He does not now claim that the court which imposed sentence upon him was without jurisdiction or that the sentence under which he is serving is contrary to law. Apparently he recognizes that the matter was heretofore disposed of in State ex rel. Richter v. Swenson, 241 Minn. 414, 63 N. W. (2d) 265, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117.

The laws of this state vest in the commissioner of public welfare in his capacity as director of public institutions the sole responsibility for the management of the state prison and the adoption of the necessary rules and regulations for the control and the guidance of the inmates of that institution. The courts are without jurisdiction under our law to interfere with the prison management and the governing rules or its supervision by public officials who are charged with that responsibility. See, M. S. A. 245.04, 246.01, and 640.01. It may be said, generally, that the sole function of the writ of habeas corpus is to relieve from unlawful imprisonment, and lawfully it cannot be used for any other purpose. The question is, upon application for writ of habeas corpus, whether the prisoner is sen-

tenced, detained, and committed in a criminal case by virtue of the final judgment of a competent tribunal. In In re Application of Dunn, 150 Neb. 669, 676, 35 N. W. (2d) 673, 677, that court said:

"Insofar as we have been able to discover, the historic remedy of habeas corpus has never been held available, in the absence of a special statute authorizing it, for the purpose of inquiring into the legality of a particular form, manner, or place of confinement executively or administratively imposed upon a prisoner lawfully in custody in a proper or authorized jail or prison under a valid, existent, and enforceable judgment, sentence, and commitment."

The court in In re Application of Dunn, *supra,* held that, in the absence of a special statute authorizing it, habeas corpus is not available as a remedy for the purpose of inquiring into the legality of a particular form, manner, or place of confinement executively or administratively imposed upon a prisoner, lawfully in custody, in a proper or authorized prison providing the confinement was based upon a valid, existent, and enforceable judgment. See, Williams v. Steele (8 Cir.) 194 F. (2d) 917, certiorari denied, 344 U. S. 822, 73 S. Ct. 20, 97 L. ed. 640; Farrant v. Lainson (S. D. Iowa) 106 F. Supp. 37.

We sustain the court below in reaching the conclusion that the general rules of regulation for inmates of the state prison at Stillwater, promulgated by the commissioner of public welfare pursuant to our statutes, which impose new disciplinary measures for violation of prison regulations are not ex post facto acts in violation of Minn. Const. art. 1, § 11, or U. S. Const. art. I, § 10, when applied to an inmate of the state prison who was sentenced by a court of competent jurisdiction, committed pursuant thereto, and imprisoned prior to their promulgation.

We finally conclude that a writ of habeas corpus is not available in the present proceeding upon the grounds alleged, nor may it be utilized for the purpose of avoiding governing rules imposed upon a prisoner lawfully in custody or for the purpose of correcting alleged unconstitutional treatment of an inmate of the prison by prison authorities subsequent to valid judgment and commitment.

Whether it is considered that the relator is by the instant proceeding petitioning this court for the issuance of a writ of habeas corpus or that the relator is appealing from the order of the district court dated June 7, 1954, in either event, relief is denied and the order of the court affirmed.

Affirmed.