STATE EX REL. ROBERT J. KOALSKA v. EDWIN T. SWENSON AND ANOTHER.[1, 2]

October 1, 1954.

No. 36,455.

[1]Reported in 66 N. W. (2d) 337.
[2]Certiorari denied, 348 U. S. 908, 75 S. Ct. 308, 99 L. ed. ——.

*Robert J. Koalska, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Lowell J. Grady,* Assistant Attorney General, for respondents.

NELSON, JUSTICE.

The relator, Robert J. Koalska, petitioned the district court for Washington county on April 14, 1954, for a writ of habeas corpus.

It was denied by order of the court June 2, 1954. The relator then moved for a rehearing of his petition June 10, 1954. The motion for a rehearing was denied June 11, 1954. The relator appeals from the order of the district court of June 2.

The relator was convicted of the crime of grand larceny in the second degree in the Ramsey county district court and duly sentenced on June 4, 1951, to serve a term in the state prison for not less than two years nor more than ten years. The record is clear that he did not begin to serve this sentence until November 14, 1952, for the reason that he was required to serve out another sentence, the obligations of which were not fulfilled until that date.

The relator makes the following contentions: First, that on January 1, 1953, the state board of parole published a set of revised "Rules Governing Parole and Discharge." The pertinent sections of these rules are IV and V which read as follows:

"IV. All persons shall have an initial hearing before the Board of Parole during the month on the first day of which they shall have been confined at the institution for a period of five full months. The primary purpose of this hearing is to acquaint the Board with each individual appearing and the time for subsequent hearings shall be determined by the Board.

"V. Where it is believed that an individual may benefit from further training at the institution, the Board shall continue the case for such periods of time as it deems proper and the facts warrant, but in no instance in excess of three years at any one hearing."

The relator alleges that on October 21, 1953, he received the following notice from the state board of parole: "After carefully considering your application for release, we have to inform you that the same has been continued 3 years." The relator argues that the revised rules of January 1, 1953, as applied by the parole board constitute in effect an ex post facto law in relation to the judgment, sentence, and the term of imprisonment imposed upon the relator and violate his constitutional rights.

The relator further argues that the "General Rules for the Government of Inmates of the Minnesota State Prison * * * as approved

by the Department of Public Welfare, May 1, 1953," constitute in effect an ex post facto law in relation to relator's sentence, judgment, and term of imprisonment imposed upon him and are violative of his constitutional rights. The relator draws the court's attention to those provisions of the governing rules which provide that certain disciplinary measures may be taken, among which is the following statement:

"Confinement in a special segregated section of the institution for such period of time as the Warden or Deputy Warden may determine."

The relator contends that these rules which provide for segregation are laws which increase the burden of the punishment for a crime which he committed before the rules were approved and are therefore ex post facto laws as applied to him.

He makes the further contention that his minimum sentence of two years, imposed by the Ramsey county district court, has been increased by the state parole board to three years, eleven months, and seven days under the revised rules approved January 1, 1953, governing parole and discharge and the action taken by the state board of parole thereunder October 21, 1953, whereby it continued relator's application for release after due consideration for a period of three years. He claims that he is entitled to a deduction for good time and states that, if this deduction is made from the minimum sentence of two years, his minimum term will have been served as of June 20, 1954. He further contends that the minimum and maximum limits of his sentence are really two separate sentences and two separate punishments for the same offense and, since he has now served the first sentence of two years with time off for good behavior and since the increase of the "minimum sentence" by the parole board is unconstitutional and in effect an ex post facto law, that the second sentence of ten years is unconstitutional because it inflicts a second punishment for the same offense; that his continued imprisonment is therefore illegal; and that he is by reason thereof entitled to a writ of habeas corpus. All of this he says is violative of his

constitutional rights under the provisions of Minn. Const. art 1, § 11, and U. S. Const. art. I, § 10.

Relator's further contention is to the effect that any and all of these grounds as set forth by him in his petition entitle him to the issuance of a writ of habeas corpus and his immediate discharge by virtue of such writ.

The relator in this proceeding was heretofore named as relator in State ex rel. Koalska v. Swenson, 241 Minn. 278, 62 N. W. (2d) 842, wherein this court held that the sentence under which the relator is presently confined in the state prison and which he began to serve November 14, 1952, and not before, is a valid sentence rendered by a competent tribunal having jurisdiction over both the person of the relator and the subject matter of the offense for which the sentence was imposed. In that case it appears that this court based its decision therein in affirming the court below and denying the writ of habeas corpus applied for upon the following statement of facts, namely: That the relator was convicted of grand larceny in the second degree in the district court for Ramsey county and sentenced June 4, 1951, to serve a term of imprisonment in the state prison for not less than two nor more than ten years; that he did not begin to serve this sentence until November 14, 1952; that after pleading guilty to the information charging him with grand larceny in the second degree, relator was arraigned upon two additional informations each charging him with a prior felony conviction. Nowhere in his present petition does the relator claim that the sentencing court lacked jurisdiction of either the person of the relator or the subject matter of the offense involved or that the sentence was not imposed by a court of competent jurisdiction. It appears affirmatively from the decision in State ex. rel. Koalska v. Swenson, *supra,* that the relator was in fact adjudged guilty, duly sentenced, and thereafter committed to the state prison and detained therein by virtue of the final judgment of a competent tribunal of criminal jurisdiction, and the court so found and denied the writ.

The respondents deny that any constitutional or other legal right of the relator was then or is now impaired by the disciplinary

measures approved as of May 1, 1953, by the department of public welfare; that there is anything in the petition to justify the inference that the relator's segregation is without justifiable cause; that there is any statute which requires the respondents to secure a court order before segregating a recalcitrant inmate.

As we see it, relator fails to allege, by his petition or otherwise, any facts which warrant the inference that his segregation violates any of his constitutional or other legal rights. The laws of this state vest in the commissioner of public welfare in his capacity as director of public institutions the sole responsibility for the management of the state prison and the adoption of the necessary rules and regulations for the control and the guidance of the inmates of that institution. M. S. A. 245.04, 246.01, and 640.01; State ex rel. Richter v. Swenson, 243 Minn. 42, 66 N. W. (2d) 17. These rules are not ex post facto acts in violation of Minn. Const. art. 1, § 11, or U. S. Const. art. I, § 10, when applied to an inmate of the state prison who was sentenced by a court of competent jurisdiction, committed pursuant thereto, and imprisoned prior to their promulgation.

The record discloses that there were in fact disturbances at the state prison in the early part of April 1953, which the petitioner does not deny, and that it was thereafter that the relator was placed in segregation. The record leads to the conclusion that the relator was actively involved in the riot staged at the state prison on or about April 7, 1953, and that, because of his conduct at the time, he was placed in a segregated cell where he remained at the commencement of the present proceeding. Even if the relator's claim were true, the remedy of the writ of habeas corpus is not available to him. This writ of habeas corpus may not be utilized for the purpose of obtaining relief from alleged ill-treatment at a prison wherein the petitioner is lawfully held under a valid judgment, sentence, and commitment. See, Williams v. Steele (8 Cir.) 194 F. (2d) 32, 917, certiorari denied, 344 U. S. 822, 73 S. Ct. 20, 97 L. ed. 640; Farrant v. Lainson (S. D. Iowa) 106 F. Supp. 37; In re Application of Dunn, 150 Neb. 669, 35 N. W. (2d) 673; cf. Ridgway v.

Superior Court, 74 Ariz. 117, 245 P. (2d) 268; Dixon v. Swenson, 241 Minn. 332, 62 N. W. (2d) 926; State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657; State ex rel. Richter v. Swenson, 243 Minn. 42, 66 N. W. (2d) 17; State ex rel. Richter v. Swenson, 241 Minn. 414, 63 N. W. (2d) 265; State v. Rudin, 153 Minn. 159, 189 N. W. 710; 8 Dunnell, Dig. (3 ed.) § 4132.

This court has held that a writ of habeas corpus may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent court which had jurisdiction over the defendant and the subject matter. State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657; State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1. The remedy of the writ of habeas corpus is not available to the relator for the further reason that the statute providing for this remedy specifically excludes from its operation "persons committed or detained by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction." M. S. A. 589.01.

As to relator's claim that the revised rules of January 1, 1953, as applied by the parole board, constitute in effect an ex post facto law and are violative of relator's constitutional rights, it must be noted that the relator's minimum sentence will not be served until November 14, 1954, apart from any time off for good conduct. That portion of rule V of these revised rules of which petitioner complains does not affect his minimum sentence nor does it purport to do so. It constitutes a limitation on the board's power to continue a case and nothing more. It has to do with the parole of one under sentence, and a parole is an act of grace and can be withheld or revoked, if granted, without depriving a prisoner of any legal rights. See, Guy v. Utecht, 216 Minn. 255, 12 N. W. (2d) 753; State ex rel. Bush v. Whittier, 226 Minn. 356, 32 N. W. (2d) 856.

Furthermore, the writ of habeas corpus does not lie here because it may not be utilized to control the exercise of the powers conferred by § 637.12 upon the state board of parole. The writ was never intended for such purpose. See, § 589.01; State ex rel. Richter v. Swenson, 243 Minn. 42, 66 N. W. (2d) 17.

One other contention of relator is that the sentence of not less than two years nor more than ten years is invalid in that it consists of two alternative judgments and sentences. He, of course, contends that § 622.06 provides for alternative sentences and that under § 610.21 a criminal act punishable according to various provisions of law may come under only one of those provisions. The relator has failed to read and correctly consider § 610.17 in connection with §§ 622.06 and 610.28. Section 610.17 provides that:

"The minimum penalty of imprisonment for any felony committed within this state shall be one year if the court, in its discretion, shall impose a state's prison or reformatory sentence therefor; * * *."

It is clear therefore that under the first alternative punishment under § 622.06 and the provision for a minimum term of imprisonment for felony convictions under § 610.17, the relator received in effect an indeterminate sentence from one to five years. Since relator admitted two previous felony convictions, the court, as it was authorized and empowered to do, doubled the sentence under the provisions of § 610.28 which provides for increased punishment for second or additional felony offenses, the doubling of the minimum being mandatory. This constitutes but a single indeterminate sentence and not two sentences. See, Breeding v. Swenson, 241 Minn. 232, 62 N. W. (2d) 488; State ex rel. Richter v. Swenson, 241 Minn. 414, 63 N. W. (2d) 265.

We therefore conclude that a writ of habeas corpus is not available in the present proceeding upon any of the grounds alleged or contended for by the relator. The order of the court below is affirmed and the writ denied.

Affirmed.