STATE v. PERRY R. KALKBRENNER.

116 N. W. (2d) 560.

July 13, 1962—No. 38,727.

*Perry R. Kalkbrenner,* pro se, for petitioner.

OTIS, JUSTICE.

The defendant, Perry R. Kalkbrenner, has petitioned this court for an order directing the proper authorities of Rice County to dispose of a criminal charge which he alleges jeopardizes his opportunity for parole from the State Prison. It is not clear from the record whether defendant is attempting to invoke the original jurisdiction of this court or whether it is his intention to appeal from an order of the municipal court of the city of Faribault. In either case we have no jurisdiction to grant the relief which defendant seeks, but feel it is advisable to comment on the merits of his contentions.

The defendant is confined in prison under two consecutive sentences imposed by the District Court of Olmsted County on October 29, 1957, one for uttering a forged instrument, Minn. St. 620.19, and the other for escape from lawful custody, § 613.29. While the record does not disclose the maximum combined terms which the defendant still faces, it is apparent that they have not yet expired.

On August 15, 1957, the municipal court of the city of Faribault

accepted a criminal complaint and issued a warrant alleging that on July 5, 1957, defendant negotiated a forged check in the sum of $97.25. This charge was wholly independent of the one for which defendant is now in custody. Defendant alleges that on the basis of this complaint the warden of the State Prison has been requested by the sheriff of Rice County to detain defendant beyond the expiration of his commitment, and that as a result he will not be considered for parole by the Adult Corrections Commission.

In February 1962 defendant sought a writ of habeas corpus from the municipal court of the city of Faribault for the purpose of permitting his appearance in that court to dispose of the forgery charge alleged in the complaint of August 15, 1957. The municipal court correctly held that it had no jurisdiction under the present statute. § 488.05, subd. 1(g).

Defendant then moved the municipal court to certify to the supreme court as "serious and doubtful" the following question:

"Does a Municipal Court of this State have jurisdiction to issue a writ of habeas corpus pursuant to the provisions of M. S. A. 589.28 for the purpose of having a prisoner, confined in a state penal institution, brought before such court for examination in and/or to answer to a criminal action pending in such court against such prisoner?"

That motion was denied since the statute authorizing such procedure, § 632.10, applies only to district courts. Thereupon defendant presented a new motion to the municipal court in which he waived preliminary hearing on the forgery charge contained in the complaint of August 15, 1957, admitted there was probable cause to believe he committed that felony, and asked that he be bound over to the district court for trial. The municipal court denied that motion also, and defendant is now before us praying as follows:

"Wherefore the said defendant earnestly prays that this Honorable Court will issue its ORDER commanding the State of Minnesota, the Municipal Court in and for the City of Faribault in Rice County, The Honorable James H. Caswell, Judge thereof, and the County Attorney of Rice County, to show cause before this Court, at a time

and place to be specified by this Court, why they have not disposed of the case of the State of Minnesota vs. (12888) Perry R. Kalkbrenner, which is pending in and before the aforesaid Municipal Court and has been therein pending since the 15th day of August, 1957; or, in lieu thereof, to forthwith dispose of the said cause, in a manner to be designated by this Court or in a manner of the said Municipal Court's election, and to certify to this Court that disposition of the said cause has been made and the manner how."

It is apparent that defendant wishes to bring to a head the forgery charge of August 15, 1957, because he believes that once he is in the district court his prosecution will be barred under §§ 611.04 or 628.26, or the detainer against him will thereby be rendered ineffective on the theory he has been denied a speedy trial. Minn. Const. art. 1, § 6; Annotation, 118 A. L. R. 1037; State v. Larkin, 256 Minn. 314, 98 N. W. (2d) 70. See, also, People v. Ragsdale, 177 Cal. App. (2d) 676, 2 Cal. Rep. 640; Thacker v. Marshall (Okla. Cr. App.) 331 P. (2d) 488; Application of Melton (Okla. Cr. App.) 342 P. (2d) 571.

We need not decide what remedy, if any, civil or criminal, is available to defendant in order to dispose of the criminal complaint of August 15, 1957. If the proceedings before us are appellate in nature, we call attention to the fact that appeals from the municipal court of the city of Faribault must be taken directly to the district court and not to the supreme court under § 488.20. Hence we have no appellate jurisdiction with respect to the petition which is before us.

If the petition is intended to invoke the original jurisdiction of the supreme court, we find neither precedent in the law nor provision in the statute authorizing such procedure. § 480.04. Even if defendant is ultimately entitled to a writ of habeas corpus, until such time as he has served the maximum terms authorized by law under the consecutive indeterminate sentences which have been imposed on him, the courts will not concern themselves with the factors which govern the Adult Corrections Commission in arriving at a decision to grant or withhold parole. § 243.05; Shaw v. Utecht, 235 Minn. 55, 49

N. W. (2d) 385; State ex rel. Richter v. Swenson, 241 Minn. 414, 416, 63 N. W. (2d) 265, 266, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117. Like a pardon, parole is an act of grace which is entirely within the judgment and discretion of the Adult Corrections Commission,[1] subject only to the statutory direction that credit be allowed for good behavior. § 243.06. In any event, it is highly unlikely that the Commission's determination of so important a question as defendant's parole eligibility has been influenced by the existence or absence of a criminal complaint or warrant dating back to the year 1957, except to the extent it may have led to further independent inquiry concerning defendant's record and background.

Since the petition is not one which properly invokes the jurisdiction of the supreme court, it is herewith dismissed.

---

[1]State ex rel. Bush v. Whittier, 226 Minn. 356, 362, 32 N. W. (2d) 856, 859; State ex rel. Richter v. Swenson, 243 Minn. 42, 44, 66 N. W. (2d) 17, 19, certiorari denied, 348 U. S. 893, 75 S. Ct. 225, 99 L. ed. 702; State ex rel. Koalska v. Swenson, 243 Minn. 46, 52, 66 N. W. (2d) 337, 341, certiorari denied, 348 U. S. 908, 75 S. Ct. 308, 99 L. ed. 712. But see, Pellegrini v. Wolfe, 225 Ark. 459, 283 S. W. (2d) 162 (dissenting opinion); State v. Milner, 6 Ohio O. (2d) 206, 78 Ohio L. Abs. 285, 149 N. E. (2d) 189; Commonwealth v. Watson, 16 Pa. D. & C. (2d) 190.