STATE EX REL. THOMAS M. CROSBY v. RALPH H. TAHASH.

153 N. W. (2d) 125.

September 8, 1967—No. 40,196.

---

C. *Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *David Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying relator's petition for a writ of habeas corpus.

Relator is an inmate of the State Prison at Stillwater. On November 16, 1965, he petitioned the Washington County District Court for a writ of habeas corpus, alleging cruel and unusual treatment. Essentially his allegations were that (1) on or about July 2, 1965, he requested protective custody because of hostile inmates; (2) persons unknown were sending obscene notes to various inmates and implicating him; (3) the prison officials have failed to act to protect him from serious harm as a result of these notes; and (4) his life is in danger and he is not being protected by prison guards and officials.

The petition was denied by the district court, which found that the facts alleged in the petition were not sufficient to justify the issuance of a writ and that the petition was sham and frivolous. In its memorandum the court stated that the petition did not contain the minimal requisites detailing the facts respecting the treatment claimed to be cruel and unusual, the time and place of such treatment, and the identity of the person or persons considered responsible for it, citing State ex rel. Cole v. Tahash, 269 Minn. 1, 129 N. W. (2d) 903.

Relator contends that the district court erred in denying his petition for the writ without granting an evidentiary hearing. The legal issue he

raises is whether his petition claiming violations of constitutional rights because of cruel and unusual treatment so far satisfies the minimal requirements of such a petition as to require the district court to grant an evidentiary hearing thereon.

Relator's claimed grounds for relief in this case are unique and rather novel. He claims that some person in the penitentiary other than himself is writing obscene notes to other prisoners and apparently signing relator's pen name, "Friendly Tom," to them, and that his life is in danger as a result because the prison officials have not informed the other inmates that relator did not write the notes. He specifically alleges only one instance of the treatment complained of, when he claims he was forced to request protective custody because of hostile inmates in the cell hall where he worked. It is his position that the prison officials know that he is not the culprit and are derelict in their duties in not advising the other inmates that he is not the person writing and sending the notes. He contends that as a result his health is in jeopardy and he fears injury from other prisoners. Apparently relator considers that this is cruel and unusual treatment within the purview of State ex rel. Cole v. Tahash, *supra*.

The basic issue in the Cole case was whether cruel and unusual treatment of a prisoner constituted grounds for issuance of a writ of habeas corpus. Cole was convicted of robbery in 1955 and received a sentence of from 10 to 80 years. He claimed he was treated cruelly at the State Prison and at the State Security Hospital, where he had spent some of his term. In a memorandum accompanying an order denying Cole's petition for the writ, the trial court stated that it was obvious from the petition that Cole's only claim to immediate release was based upon his contention that he had been wrongfully transferred from the St. Cloud reformatory to the State Prison in December 1955; thereafter had been wrongfully transferred to the State Security Hospital at St. Peter; and, while in the security hospital, had been physically and mentally abused and maltreated, all of which he claimed amounted to cruel and unusual punishment. The trial court denied the petition without a hearing. On appeal we determined that the petition was insufficient to establish a showing of cruel and unusual treatment and affirmed the order of the

district court. We did say, however, that our decision was without prejudice to the right of the petitioner to apply for habeas corpus upon adequate grounds if such grounds existed in fact. Our opinion further stated that "one confined in a state institution is entitled to a hearing upon a petition for a writ of habeas corpus if his petition is supported by a prima facie showing of a course of cruel and unusual treatment occurring at a time and place and under circumstances giving rise to the inference that the treatment will continue or be repeated in the absence of judicial intervention." 269 Minn. 8, 129 N. W. (2d) 907.

We also said in Cole that the minimal requirements for such a showing should include a verified statement detailing (a) the facts respecting the treatment claimed to be cruel and unusual; (b) the time and place of such treatment; and (c) the identity of the person or persons considered responsible for it. We also stated in Cole that if it was made to appear prima facie that the treatment to which the petitioner had been subjected was in fact cruel and unusual and occurred at a time and place and under circumstances giving rise to the inference that the infringement of constitutional rights would be continued or repeated unless relief were afforded, the district court could and should grant a hearing on the petition, after affording all interested parties notice and opportunity to be heard, and after a hearing should then make such a determination of the facts as the evidence justified and issue such an order as the court deemed necessary under the record before it to safeguard the constitutional rights of the petitioner. To this extent we held our prior decisions in State ex rel. Richter v. Swenson, 243 Minn. 42, 66 N. W. (2d) 17, certiorari denied, 348 U. S. 893, 75 S. Ct. 225, 99 L. ed. 702, and State ex rel. Koalska v. Swenson, 243 Minn. 46, 66 N. W. (2d) 337, certiorari denied, 348 U. S. 908, 75 S. Ct. 308, 99 L. ed. 712, in which we stated that habeas corpus may not be utilized for the purpose of correcting alleged unconstitutional treatment of a prison inmate by prison authorities subsequent to valid judgment and commitment, were modified.

In the instant case it is our opinion that the decision of the trial court denying relator a writ of habeas corpus was proper. Examination of the petition shows that it does not complain against any particular employee

of the prison, nor does it state that the warden or his staff are doing anything that should be stopped. Clearly the allegations contained therein do not comply with the minimal requisites set out in Cole, and the order of the trial court should be affirmed.

Affirmed.